**TAYLOR, COLICCHIO & SILVERMAN, LLP**
502 Carnegie Center, Suite 103
Princeton, NJ 08540
(609) 987-0022
Philip M. Colicchio (PMC-3910)
Attorneys for Plaintiff, Investors Warranty of America, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INVESTORS WARRANTY OF AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>B.W.E. DEVELOPMENT, L.L.C. and LEONARD H. BERKELEY, ESQ., individually,<br><br>Defendants. | CIVIL ACTION NO.: **2:09-CV-04490-WJM-MCA**<br><br>**ORDER APPOINTING RENT RECEIVER AND OTHER RELATED RELIEF** |

THIS MATTER, having been opened to the Court by Taylor, Colicchio & Silverman, LLP, attorneys for the plaintiff, Investors Warranty of America, Inc. ("IWA"), for an Order appointing a rent receiver to that certain real property known as Lots 22 & 23 in Block 32, Town of Harrison, County of Hudson, State of New Jersey, also known as 436 Harrison Avenue, Harrison, New Jersey, (the "Property") to manage, control, secure and sell the Property and for relief related thereto; and the Court having reviewed and considered the supporting papers, opposition paper and reply papers and having heard the argument of counsel; and the Court having determined that, based upon the papers submitted by Investors, it is entitled to the relief it seeks; and for good cause shown;

IT IS on this ____ day of July, 2010, ORDERED:

1.      That Lincoln Property Company ("LPC") with a business address of 9 Entin Road, Parsippany, New Jersey 07054, is hereby appointed as rent receiver (the "Rent Receiver") for the Property until further Order of this Court;

2.      That the Rent Receiver is hereby vested with the power and discretion to manage and control the Property, including but not limited to, the collection and receipt of, and demand for, the rents, revenues, receipts and profits issuing therefrom, which may be due, become due, or which may be uncollected;

3.      That the Rent Receiver is hereby vested with the power to institute action(s), legal or otherwise, and carry on all legal proceedings necessary for the recovery of rents, receipts and profits from the Property, and for the possession and protection of the Property, to evict tenants an occupants, if necessary, and to do all other things which in its discretion are necessary and proper for the due care and management of the Property;

4.      That the Rent Receiver is hereby vested with the power to rent, lease, and negotiate the terms of an existing or new lease or contract for the Property for a term not exceeding one (1) year, to keep the Property insured against loss or damage by fire or other hazard and public liability, to repair the Property, to pay expenses for the Property, and to pay taxes, assessments, water and sewer charges thereon, if any, which are or shall become due during the pendency of the Receivership; to pay payments reducing the accelerated balance on the IWA's mortgage under foreclosure herein which are or become due during the pendency of the Receivership; to make repairs necessary to the preservation of the Property provided, however, the Receiver shall not make improvements or substantial repairs exceeding One Thousand Five Hundred Dollars ($1,500.00) for any one repair to the Property without the written consent of IWA or its attorney or the prior approval of the Court; to purchase fuel for

heating said premises and supplying hot water to the tenants thereof; and to comply with the requirements of any municipal department or other authority in the State of New Jersey; but the Rent Receiver shall not incur obligations in excess of the moneys in his hands without the prior approval of the Court or the written consent of IWA or its attorneys;

5. That the Rent Receiver is hereby authorized to sell the Property and has the right to list the Property for sale with a broker; to enter into purchase agreements for the Property, to execute the Deed and other closing documents with respect to the sale of the Property and to take all actions necessary to accomplish the aforementioned sale transaction; provided however that the Property shall not be sold until there is an Order of the Court allowing for the sale after all parties in interest have been given notice and an opportunity to object to same;

6. That the application to sell the Property may be made on ten (10) calendar days notice to the Court and the Defendants, B.W.E. Development, L.L.C., and Leonard H. Berkeley, Esq. ("BWE," "Berkeley" and collectively "Defendants);

7. That the Rent Receiver shall enter a Bond into the United States District Court for the District of New Jersey for the faithful performance of its duties as a Rent Receiver in the sum of $ 40,000 within ten (10) days of the entry of this Order with sureties by this Court, or in lieu of said Bond, the Rent Receiver may deposit cash in satisfaction thereof;

8. That Defendants, and any of their agents and employees, are hereby immediately restrained from managing or controlling the Property, from collecting rents, receipts and revenue from the tenants of the Property, including persons who store personal property at the Property, are hereby restrained from entering into leases or contracts with respect to the Property, from selling the Property and disbursing monies from rents in their possession relating to the Property, except to the Rent Receiver;

3

9. That the tenant(s) having leases and/or contracts with the Defendants, be and the same are hereby directed to attorn to said Rent Receiver until further order of this Court and pay over to said Rent Receiver all rents, issues, receipts and profits now due or unpaid or which become due or unpaid from leases and/or contracts they have with the Defendants, and said tenant(s) or such other person(s) as may be in possession of the Property or a part thereof, including persons who store personal property at the Property, be and the same are hereby enjoined and restrained from paying such rent, issues and profits now due or unpaid or which become due or unpaid to the Defendants, their agents, employees, successors or assigns;

10. That within five (5) calendar days of entry of this Order on the docket, Defendants shall produce to the Rent Receiver copies of current leases and contracts for the Property and documentation detailing the present status of the payment of rents, revenues and receipts for the Property, the names of the tenants/occupants of the Property, and whether said tenants/occupants are in arrears of any rental payments and the arrears amount;

11. That within five (5) calendar days of entry of this Order on the docket, Defendants shall account to the Rent Receiver for all monies collected from the tenants/occupants in their possession or that of their agents within the past twelve (12) months and allow the Rent Receiver full access to their books and records, and to the extent they have monies in their possession from the tenants and/or occupants of the Property, they shall also within five (5) calendar days of service of this Order on it turn those monies over to the Rent Receiver;

12. That the Defendants shall reasonably cooperate with the Rent Receiver in its requests for information with respect to the Property;

13. That the Rent Receiver shall deposit all monies received by it, at the time it receives same, in its own name as Rent Receiver in a segregated escrow account in a recognized bank doing business in the State of New Jersey, and after paying the expenses of management and care of the Property as provided above, as deemed necessary and appropriate, remit on a monthly basis the balance of monies which it has to Investors to reduce the subject indebtedness with a report detailing the collection and expenditure of the rents;

14. That the Rent Receiver and any party in interest hereto at any time, may on proper notice to the parties who may have appeared in this action, to apply to this Court for further or other instructions and further power necessary to enable the Rent Receiver to properly fulfill its duties or to otherwise amend this Order;

15. That the Rent Receiver shall be entitled to apply to the Court for its fees and costs periodically, and upon an Order being entered allowing same, shall be entitled to withdraw said monies from the account referenced herein, or if there shall be insufficient monies, then Investors shall have the right, but not the obligation, to remit said deficiency or a part thereof to the Receiver.

ENTERED:

_____
Hon. William J. Martini, U.S.D.J.

_____ Contested
__X__ Uncontested